[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This wrongful death action arose out of a motor vehicle accident that occurred on or about December 23, 1990, resulting in the death of Richard Cusano, the son of the plaintiff, Florence Cusano. The plaintiff, as executrix of her son's estate, solicited the defendants, Ira Grudberg and Jacobs, Grudberg, Belt Dow, P.C., to pursue the tortfeasor responsible for the death of her son. The plaintiff became unsatisfied with the defendants' services, obtained a different lawyer to seek compensation for her son's death and sued the defendants for legal malpractice. The CT Page 7645 plaintiff filed a complaint alleging legal malpractice against the defendants on May 2, 2001. The defendants then filed an apportionment complaint on September 14, 2001, against the apportionment defendants, Michael Walsh, Esq. and Moukawasher Walsh, L.L.C. The plaintiff and the apportionment defendants both filed motions to strike, #109 and #112, respectively, the apportionment complaint filed by the defendants on the ground that a defendant attorney cannot apportion liability to a subsequent attorney in a legal malpractice action. Both motions to strike were granted by this court on April 8, 2002. The defendants have moved this court for an articulation of the April 8, 2002 decision.
Apportioning liability among a defendant attorney and a subsequent attorney in a legal malpractice suit is an issue that has been addressed by the Superior Court in the past. Our Appellate Courts, however, have not squarely addressed many of the questions surrounding such apportionment cases. "The Connecticut Supreme and Appellate courts have not ruled on the issue of whether public policy prohibits a former attorney from maintaining an apportionment claim against a successor attorney in a legal malpractice action." Whitaker v. Erdos Maddox, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 371896 (November 14, 2000, Skolnick, J.). The Superior Courts, however, have addressed this issue squarely and concluded that "it violates public policy in Connecticut to permit successor counsel . . . entering a case to correct an alleged malpractice of prior counsel, to be made party to a malpractice action by the defendants in a malpractice action against them." Gauthier v. Kearns, 47 Conn. Sup. 166, 178-79, 780 A.2d 1016
(2000); see also Krawczyk v. Stingle, 208 Conn. 239, 245, 543 A.2d 733
(1988) (question of attorney liability to parties with whom there is not privity of contract is question of public policy). This conclusion was also reached in Whitaker v. Erdos Maddox, supra, Superior Court, Docket No. 371896, where the court held that a successor attorney should be free to exercise judgment and offer advice to its client regarding the original attorney's conduct without the fear of becoming liable to the original attorney. The final case this court found persuasive in striking the defendants' apportionment complaint is Carpenter v. Law Offices ofDressler and Associates. LLC, Superior Court, judicial district of Hartford, Docket No. 804795 (February 22, 2002, Hennessey, J.) (31 Conn.L.Rptr. 474), where, similarly, the court ruled that the defendant attorney could not apportion liability to a subsequent attorney as it would violate public policy.
This court finds the cases cited above to be persuasive in resolving the present case. Subsequent counsel coming into a case for the purpose of correcting the original attorney's errors must remain immune from liability for damages stemming from the original attorney's malpractice. The reasons for this are quite rudimentary. Most significant is that CT Page 7646 neither the client nor the subsequent attorney will enjoy the benefits of the attorney-client privilege. The subsequent attorney will be hesitant, and possibly unwilling, to criticize the original attorney's actions if they might face liability for the original attorney's actions because of an apportionment complaint. Therefore, in order for a client to receive candid, unrestrained advice from subsequent counsel, the subsequent counsel must be confident that they are immune from any apportionment liability. Our Supreme Court has defended this privilege from corruptive influence by third parties in the past, reasoning that "[a] central dimension of the attorney-client relationship is the attorney's duty of [e]ntire devotion to the interest of the client. . . . This obligation would be undermined were an attorney to be held liable to third parties. . . ."(Citations omitted; internal quotation marks omitted.) Krawczyk v.Stingle, supra, 208 Conn. 246. Further, not allowing an apportionment claim against subsequent counsel in a legal malpractice case does not automatically insulate subsequent counsel from a direct action of legal malpractice. It does, however, require that any action against subsequent counsel be kept separate from the original malpractice action. This court will not hamstring the client and its subsequent counsel by limiting their privileged communications.
The defendants argue, however, that, because the plaintiff's complaint includes a claim for damages resulting from personal injury, they are entitled to apportion liability. (See Complaint, ¶ 30 ["As a further result of the negligent acts and/or omissions of the defendants, the plaintiff, Florence Cusano, was required to undergo a significantly extended period of emotional pain, distress and anguish."]). The defendants' argument is based on General Statutes § 52-572h (c), which applies to apportionment of damages "[i]n a negligence action to recover damages resulting from personal injury, wrongful death or damage to property. . . ."
Although this court acknowledges that the present case involves a claim for damages resulting from personal injury and that the cases cited above do not include such claims, this court will not alter its position. The personal injury damages claimed in the complaint may qualify the case to be considered under the apportionment statute, however, the fact that the complaint includes a claim for personal injuries does not create an exception to the public policy of not allowing apportionment complaints against subsequent counsel. There is no reason why a claim for damages for personal injuries is less of an encroachment on the attorney-client privilege than a claim for damages for economic loss. The only difference is that one type of damages, personal injury, is enumerated in the apportionment statute while the other type of damages, economic damages, is not. Therefore, this court holds that the mere listing of personal injuries as damages does not override this court's concern that CT Page 7647 apportioning liability to subsequent counsel will erode the attorney-client privilege, and is thus a compelling public policy issue.
For the foregoing reasons, the motions to strike #109 and #112 are granted.
BY THE COURT
Gilardi, J.